UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

The Reserves of Beavercreek Condominium Association, Inc.

    Plaintiff,

v.

State Farm Fire and Casualty Company,

    Defendant.

Case No. _____

## COMPLAINT

Now comes the Plaintiff, The Reserves of Beavercreek Condominium Association, Inc. by and through its counsel, and for its Complaint states as follows:

## GENERAL ALLEGATIONS

1. Plaintiff The Reserves of Beavercreek Condominium Association, Inc. (hereinafter "Plaintiff") is a domestic non-profit organization in the State of Ohio responsible for the units and property generally located at 2636 Harding Ct., Beavercreek, Ohio 45431-2289 (the "Property").

2. Defendant, State Farm Fire and Casualty Company (hereinafter referred to as "Defendant" or "State Farm"), is upon information and belief a foreign insurance company authorized to and conducting business in the State of Ohio, including Greene County, Ohio.

3. On or about June 18, 2021 ("the Loss"), a severe weather-related event caused substantial damage to Plaintiff's Property.

4. At all times relevant hereto, Plaintiff maintained a Policy of insurance with Defendant ("the Policy").

5. The Policy provides coverage for, among other things, damage caused by wind and hail.

6. The Policy contains an appraisal provision which provides that in the event the parties are unable to agree upon the amount of loss, an appraisal panel may resolve that dispute upon one party making a written demand to the other.

7. At the time of the Loss, the Policy was in full force and effect.

8. Subsequently, Plaintiff timely submitted an insurance claim and State Farm assigned Claim No. XXXXXX21H to the claim. State Farm also assigned an adjuster to adjust the claim.

9. State Farm acknowledge the loss and determine the amount of Loss to be $14,662.35.

10. Plaintiff contends the amount of loss is much greater.

11. Thereafter, State Farm underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was owed under the Policy.

12. Plaintiff demanded appraisal to resolve the dispute concerning the amount of Loss.

13. Defendant improperly refused to participate in appraisal of the amount of Loss.

14. Plaintiff has satisfied all policy requirements, including but not limited to making timely payments of all policy premiums and full cooperated with all pre and lost loss requirements of the Policy and yet Defendant refuses to issue proper payment for the loss and refuses to participate in an appraisal of the disputed amount of Loss.

## COUNT ONE: BREACH OF CONTRACT

15. Plaintiff hereby incorporates by reference paragraphs one through fourteen as though fully rewritten herein.

16. At all times relevant to this cause, Plaintiff and Defendant were parties to a valid and enforceable contract—the Policy.

17. Plaintiff has satisfied all applicable requirements of the Policy.

18. Defendant has failed and refused to properly adjust the loss and pay insurance proceeds owed to Plaintiff as a result of the damage caused by the June 18, 2021 storm.

19. This constitutes a breach of Defendant's obligations under the Policy.

20. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in excess of $180,000 exclusive of attorney's fees, interest, and costs.

## COUNT TWO: DECLARATORY JUDGMENT

21. Plaintiff hereby incorporates by reference paragraphs one through twenty as though fully rewritten herein.

22. Defendant has failed to adjust and pay the Loss in total, in contravention of the express language of the Policy.

23. Plaintiff demanded an appraisal as provide for in the Policy to resolve the dispute over the amount of Loss.

24. Defendant has refused to participate in appraisal in direct contravention of the express language of the Policy.

25. The provisions of the subject Policy must be construed against Defendant.

26. Plaintiff is entitled to judicial declaration regarding the parties' rights and responsibilities under the written instrument — the Policy — and seeks a determination that Defendant is required to participate in an appraisal of the amount of Loss in this matter.

27. Pursuant to the Policy, the appraisal clause of the Policy is the appropriate venue to resolve the dispute over the amount of the Loss.

**WHEREFORE**, pursuant to the General Allegations and Counts I and II of the Complaint, Plaintiff The Reserves of Beavercreek Condominium Association, Inc. prays for an Order requiring the parties to resolve the disputed amount of Loss at appraisal and to stay litigation until after said appraisal issues its award.  Additionally, Plaintiff prays for judgment against Defendant State Farm Fire and Casualty Company in an amount yet to be determined, but in excess of $180,000.00, plus costs expended herein, prejudgment and post judgment interest as well as all other just and appropriate relief to which they may be entitled at law and/or in equity.

                                            Respectfully submitted,

Date: March 30, 2023                */s/ Anthony A. Remick*
                                            **SMITH JADIN JOHNSON, PLLC**
                                            Anthony A. Remick
                                            Ohio Bar No.: 100812
                                            Timothy D. Johnson
                                            Ohio Bar No. 98515
                                            470 Broad Street, Suite# 725
                                            Columbus, Ohio 43215
                                            Telephone: (952) 388-0289
                                            Facsimile: (612) 235-7927
                                            aremick@sjjlawfirm.com
                                            tjohnson@sjjlawfirm.com
                                            **ATTORNEYS FOR PLAINTIFF**