IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| RESERVES AT BEAVERCREEK CONDOMINIUM ASS'N, | Case No. 3:23-cv-00098 |
| Plaintiff, | District Judge Thomas M. Rose |
| | Magistrate Judge Caroline H. Gentry |
| vs. | |
| STATE FARM FIRE & CAS. CO., | |
| Defendant. | |

**OPINION AND ORDER**

This case involves the interpretation of an insurance policy ("the Policy") issued by Defendant to Plaintiff, an association of condominium owners. After a storm damaged Plaintiff's properties in June 2021, Plaintiff filed a claim under the Policy. (Complaint, Doc. No. 1, PageID 2.) The parties disagreed about the necessary repairs and Plaintiff demanded an appraisal pursuant to the terms of the Policy. (*Id*.) When Defendant refused to engage in the appraisal process, Plaintiff filed this lawsuit for breach of contract and declaratory judgment. (*Id*. at PageID 3.)

This matter is now before the undersigned Magistrate Judge on Plaintiff's Motion to Compel Appraisal and Stay Litigation. (Doc. No. 15.) For the reasons set forth below, Plaintiff's Motion to Compel is granted.

I. **BACKGROUND**

In June 2021, a storm damaged the roofs of Plaintiff's properties. Although the parties agree that repair of the damage will require replacement of some roof tiles, they

1

disagree about the *extent* of that replacement. Generally, Plaintiff argues that Defendant must replace the entire roofs and Defendant argues that it need only replace the damaged tiles (which it describes as consisting of 13 out of approximately 30,000 shingles). The Policy provides that "if [the parties] disagree on . . . the amount of loss, either may make a written demand" and initiate the appraisal procedure. (Doc. No. 13, PageID 161.)

Plaintiff contends that the parties disagree on the "amount of loss" and, therefore, that Defendant violated the Policy by refusing to engage in the appraisal procedure. (Doc. No. 13, PageID 161-65.) Plaintiff requests an appraisal that will determine "how much damage was caused by the June 18, 2021 storm, what repairs are necessary to restore the property, and how much those repairs will cost." (*Id*. at PageID 165.) Plaintiff argues that there is no coverage dispute between the parties, and that whether the proposed repairs create a "reasonably matching appearance" is a factual question for the appraiser. (*Id*.)

Defendant contends that the "amount of loss" is not in dispute because the parties agree about "the amount of damage caused by the . . . storm" and no one contends that the damage "was caused by something other than the storm." (Doc. No. 17, PageID 298.) Instead, the parties are only disputing "whether the shingle to be used for repairs provides a 'reasonable match' to the existing shingles, and whether Defendant is required to "provide coverage for the replacement of the ***undamaged portions*** of the roof for purposes of appearance." (*Id*. (emphasis in original).) Defendant argues that this is a legal issue to be resolved by the Court and not a factual issue to be addressed by an appraisal.

**II.     LAW AND ANALYSIS**

As one court has observed, "separating coverage issues from loss issues is not a simple task." *Westview Vill. v. State Farm Fire & Cas. Co.*, No. 1:22-cv-0549, 2022 WL 3584263, at *2 (N.D. Ohio Aug. 22, 2022) (cleaned up). Plaintiff and Defendant each cite extensive caselaw in support of their positions. Notably, both parties cite a recent decision of this Court, *Cinnamon Ridge Condominium Ass'n v. State Farm Fire & Cas. Co.*, No. 3:22-CV-118, Doc. No. 11 (S.D. Ohio 2023), in which Magistrate Judge Silvain ordered the parties to conduct an appraisal and to "separately calculate and identify disputed costs – including damaged property as well as undamaged property whose replacement Plaintiff may claim i[s] necessary for appearance purposes – so that the Court can either include or exclude them once it has determined whether the policy provides coverage for them." *Id*. at PageID 315.

The undersigned concurs with and will adopt Judge Silvain's approach in *Cinnamon Ridge*. Such an appraisal will give the Court the benefit of a well-developed factual record when it rules on the merits of the claims and defenses in this case, assuming that such a ruling is still necessary after the appraisal has been completed.

Defendant has not opposed Plaintiff's request to stay this case pending the outcome of the appraisal. The Court agrees that a stay of the litigation during the pendency of the appraisal process is appropriate.

### III. CONCLUSION

For the reasons stated, the Court **ORDERS** as follows:

1. Plaintiff's Motion to Compel Appraisal and Stay Litigation (Doc. No. 15) is **GRANTED**.

2. Defendant is **ORDERED** to proceed with the appraisal process as set forth in the Policy. The appraisal shall separately calculate and identify disputed costs—including damaged property as well as undamaged property whose replacement Plaintiff may claim if necessary for appearance purposes—so that the Court can either include or exclude them once it has determined whether the policy provides coverage for them.

3. This litigation is **STAYED** pending completion of the required appraisal. The parties shall jointly file a short, one-page status report every thirty days until this appraisal is complete. Upon its completion, the parties shall promptly notify the Court as to whether any live dispute remains in this case.

**IT IS SO ORDERED**.

                                       */s/ Caroline H. Gentry*
                                       Caroline H. Gentry
                                       United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections to the findings within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).